## BREWSTER V. BUCKHOLTS, AND OTHERS.

1. Damages, as a compensation for the rents and profits, in an action of trespass to try title, can only be computed from the time when the title was cast on the plaintiffs. Heirs at law, therefore, cannot recover damages which accrued previous to the death of their ancestors.

Writ of error to the Circuit Court of Sumter county.

ACTION of trespass to try title. The defendant pleaded not guilty, on which issue a verdict was found and judgment rendered for the plaintiffs.

At the trial, it appeared that one Betsey Buckholts, was located on the land in controversy, on the 26th December, 1834, under the provisions of the 14th article of the treaty made with the Choctaw tribe of Indians, generally called the treaty of Dancing Rabbit Creek, and that the patent issued to her the 17th February, 1838. The defendant was in possession and cultivated the lands from 1835 to 1838, inclusive. Betsey Buckholts died about the 9th of February, 1838, and the plaintiffs, are her heirs at law. The Circuit Court instructed the jury that the plaintiffs were entitled to recover damages for the whole time that the defendant was shown to be in possession after the acquisition of title by the plaintiff's ancestress as well before as after her death.

The defendant excepted to this charge and now assigns that the Circuit Court erred in giving it to the jury.

CLARK, for the plaintiff in error.
THORNTON, contra.

GOLDTHWAITE, J.—This matter is too clear to require illustration. The supposed injury done to the freehold of the ancestress, could only be redressed by a personal action, and the remedy, by the common law, was at end an at the death of either the disseizor or disseizee. It was held in the case of Blakeney vs. Blakeney (6 Porter, 109,) that the action of tresspass *quare clausum fregit,* does not survive, so as to enable the

personal representative to maintain an action for a tresspass to lands entered upon in the life time of his testator or intestate; therefore it may be conceded, that unless the heirs can recover that no remedy exists for the injury done.

This is certainly true in this case, but it is only one of many to which the maxim of *actio personalis moritur cum persona,* applies.

Let the judgment be reversed and the case remanded.